**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HOME DESIGN SERVICES, INC.,**
          **Plaintiff,**

-vs-                                                       Case No. 6:03-cv-596-Orl-31DAB

**SCHWAB DEVELOPMENT CORPORATION,**
**d/b/a Schwab Custom Homes,**
**WILLIAM D. KLEIN,**
**MICHAEL P. SCHWAB,**
          **Defendants.**
_____

**ORDER**

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO DEPOSIT FUNDS WITH DISTRICT COURT AND STAY EXECUTION OF COST BILL AND JUDGMENT (Doc. No. 207)** |
| **FILED:** | **April 17, 2006** |
| **THEREON** it is **ORDERED** that the motion is **GRANTED, in part**. | |
| **MOTION:** | **MOTION TO REQUIRE APPELLANTS TO POST AN APPELLATE COST BOND (Doc. No. 209)** |
| **FILED:** | **April 25, 2006** |
| **THEREON** it is **ORDERED** that the motion is **GRANTED, in part**. | |
| **MOTION:** | **MOTION TO ALLOW THE FILING OF A REPLY (Doc. No. 211)** |
| **FILED:** | **May 9, 2006** |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

Plaintiff seeks an order allowing it to deposit the amount of $21,935.64 (the full amount of the Cost Bill and Judgment awarded in this case, with interest to April 27, 2006) in order to stay execution, pending its appeal of the underlying judgment. Defendants oppose the relief sought "as the amount sought to be deposited is inequitable" and requests that Plaintiff be required to post a bond for the cost judgment, post judgment interest *and* Defendants' anticipated award of its incurred attorney's fees, appellate costs and attorney's fees on appeal. Defendants assert an appropriate amount of the bond should be $260,877.93.

**Staying execution of the judgment by bond**

As stated by the Eleventh Circuit:

> The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal. *Poplar Grove, Etc. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1190-91 (5th Cir.1979). It is within the court's discretion to fashion a security arrangement that protects the rights of both the judgment creditor and the judgment debtor. *See id. at 1191.*

*Prudential Ins. Co. of America v. Boyd*, 781 F.2d 1494, 1498 (11th Cir. 1986).

Although here Plaintiff seeks to post a cash deposit, as opposed to a bond, the distinction is of no moment. *See Poplar*, 600 F. 2d at 1191, noting that the Court has discretion to "order[ ] security other than the bond." The real issue is whether the amount of the deposit should include Defendants' incurred attorney's fees, consideration of which has been deferred, pending the appeal of the underlying judgment. The incurred fees are not part of any judgment and as such, are not properly included in a supersedeas bond or deposit.

**Rule 7**

Pursuant to Rule 7, Fed.R.App.P., "in a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs

on appeal." Plaintiff concedes, as it must,[1] that the Court retains authority to include anticipated attorney's fees as "costs" under Rule 7, in certain circumstances, but contends that the reasons advanced here (the alleged risk of insolvency of Plaintiff and frivolousness of the appeal) have not been shown to be anything other than speculation.  The Court is not persuaded.

Although Plaintiff strongly argues that Defendants "provide no legitimate evidence" that Plaintiff is currently at risk of insolvency, it does not specifically deny the accusation, nor does it explain its actions which appear to indicate an intent to shield assets, as detailed in Defendants' papers.[2]  That said, the amount of anticipated appellate fees ($40,000, plus $500 in costs) is too high, in this Court's estimation.  A more appropriate amount is $20,000.00.

It is therefore **ORDERED** that Plaintiff shall be allowed to deposit funds in the amount of the costs judgment plus interest ($18,696.15 [amount of cost judgment] and $1,681.78 [interest]) into the registry of the Court in lieu of posting a supersedeas bond, in order to stay the execution of the judgment.  The stay is effective upon the receipt of the deposit by the Clerk of Court.  Plaintiff is **directed** to abide by Federal Rules of Civil Procedure, Rule 67 and the requirements of Local Rule 4.16.  The Clerk is directed to deposit the funds in a special interest bearing account, and shall maintain said account, until the funds are disposed of by subsequent Order.

It is further **ORDERED** that Plaintiff shall either post a bond or make a cash deposit into the Registry of the Court in the amount of $20,500.00 ($500 [appellate costs] and $20,000.00 [estimated appellate fees]), pursuant to Rule 7, F.R.A.P. In the event that Plaintiff chooses to deposit funds

---

[1] *See Pedraza v. United Guaranty Corporation,* 313 F.3d 1323 (11th Cir. 2002) (attorney's fees may be included as "costs" in an appellate bond pursuant to Rule 7 whenever Congress has so defined the term in the statutory fee shifting provision of the underlying cause of action).

[2] Plaintiff does ask, in separate motion, to be allowed to file a reply to Defendants' response brief.  As Defendants also raise the insolvency issue in their motion for bond for appellate fees and costs, Plaintiff could have and should have addressed it in a more complete fashion in its response to that motion.

instead of posting a bond, Plaintiff is **directed** to abide by Federal Rules of Civil Procedure, Rule 67 and the requirements of Local Rule 4.16. The Clerk is directed to deposit the funds in a special interest bearing account, and shall maintain said account, until the funds are disposed of by subsequent Order.

**DONE** and **ORDERED** in Orlando, Florida on May 11, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record