# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HOME DESIGN SERVICES, INC.,**
                        **Plaintiff,**

**-vs-**                                                    **Case No.  6:03-cv-596-Orl-28DAB**

**SCHWAB DEVELOPMENT CORPORATION,**
**d/b/a Schwab Custom Homes,**
**WILLIAM D. KLEIN,**
**MICHAEL P. SCHWAB,**
                        **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

        This cause came on for consideration without oral argument on the following motion filed

herein:

> **MOTION:**    **MOTION FOR ATTORNEY'S FEES (Doc. No. 217)**
>
> **FILED:**      **March 7, 2007**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

### INTRODUCTION

        The history of this case and the foundation for the instant motion are complex.  As set forth

by the District Court in its Order dismissing Plaintiff's claims with prejudice, Plaintiff filed suit for

alleged copyright violations and the case proceeded to jury trial on May 23, 2005 (Doc. No. 189).

From the start, it was evident that trial would not go smoothly.  The District Court noted that "much

of HDS's opening statement was objectionable" and directed the jurors to disregard certain

inappropriate comments made by Plaintiff's counsel.  *Id.*  Following opening statements, Plaintiff

called its principal, Mr. James Zirkel.  As described by the District Court, much of Mr. Zirkel's direct examination went to matters irrelevant to the copyright claims, such as his church involvement and charitable works.  *Id.*; *see also* Doc. No. 156 at 119-20, 127-28.  Direct examination concluded and the next day; immediately before cross-examination was scheduled to commence, *Plaintiff* moved for a mistrial, asserting that Mr. Zirkel was suddenly too ill to continue, due to a previously undisclosed illness.[1]  Plaintiff's counsel professed to be caught unaware by the illness, asserting to the Court that: "This is news to me" and representing that this was "not something I knew about. . . or anticipated happening." (Doc. No. 189 at 6).

As set forth in greater detail in the District Court's Order, the timing of the assertion of the illness and the extent/impact of the illness was deemed to be suspect, and the Court eventually denied the motion for mistrial and set trial to reconvene on June 14, 2005.  On June 10, Plaintiff filed a renewed motion to continue or for mistrial (Doc. No. 161).  For their part, Defendants moved to dismiss the complaint or, alternatively, to strike the testimony that Mr. Zirkel provided on direct examination (Doc. No. 189 at 9).  On the eve of the reconvened trial, the Court held a hearing on the parties' motions and determined to take the matters under advisement and proceed with trial the following day.  Less than an hour into trial, however, it became clear that trial could not proceed in the absence of Mr. Zirkel, and the Court released the jury and scheduled an evidentiary hearing regarding the motions "to determine whether to dismiss HDS's claims on the basis that HDS and its attorneys committed fraud upon the Court or, otherwise, to determine how and when to proceed with the case." *Id.*

---

[1]The District Court's Order sets forth the factual background in meticulous detail.  This Report only summarizes the history, to the extent it is pertinent to the motion.

As recounted by the District Court, the evidentiary hearing established that counsel had, in fact, been aware of Mr. Zirkel's illness prior to trial, and in April 2005, had gone so far as to ask that Mr. Zirkel's doctor provide a letter detailing the negative side effects of the condition and treatment. Notwithstanding this knowledge, counsel did not mention the illness to the Court until it was time to cross-examine Mr. Zirkel at trial (Doc. No. 189 at 12-13). The Court concluded that "Mr. Zirkel and HDS's counsel acted willfully and in bad faith both by concealing Mr. Zirkel's illness from the Court and later attempting to use it for strategic advantage." (Doc. No. 189 at 19). The District Court dismissed HDS's claims against Defendants, with prejudice, and judgment was entered accordingly (Doc. Nos. 189, 190).

Plaintiff moved for reconsideration (Doc. No. 192), which the Court denied (Doc. No. 206), and to disqualify the District Judge (Doc. No. 195), which, too, was denied (Doc. No. 204). Plaintiff appealed the judgment (Doc. No. 198), and this Court directed the posting of a bond (Doc. No. 212). Defendants moved for an award of attorney's fees (Doc. No. 193), which the Court denied, without prejudice to reassertion after completion of the appellate process (Doc. No. 205).

On February 26, 2007, the Court of Appeals affirmed the judgement of the district court dismissing the case with prejudice (Doc. No. 215). The instant motion followed, and this Court issued an Order deferring ruling, pending the filing of a supplement to the motion, clarifying the amount of fees sought and formulation of the claim (Doc. No. 223). On May 7, 2007, the Court of Appeals granted Appellees' (Defendants) motion for attorney's fees and single costs, and remanded the matter to the district court to determine the amount (Doc. No. 226). Following supplementation of the motion and response (Doc. Nos. 227, 235) the matter is finally at issue.

## THE CLAIM

Defendants seek an award of: $141,321.25 -- representing all fees incurred by Defendants, including post-trial activity but not including appellate fees, pursuant to Rule 16(f), Fed. R. Civ. P., and/or 17 U.S.C. § 505; **or** to the extent full fees are not awarded pursuant to Rule 16 or § 505, Defendants seek an award of $54,099.50, for the work performed from May 19, 2005[2] to December 29, 2005, under 28 U.S.C. § 1927; **and** $32,177.25 in appellate fees, pursuant to the Order of the Court of Appeals, **and** an expert witness fee in the amount of $1,200.00 for services provided by attorney Christopher Hill, as set forth in his Affidavit as to the reasonableness of the claimed fees (Doc. No. 227 at 59).

In its Response, Plaintiff contends that no fee award at all is appropriate as the dismissal was sanction enough, but in any event, the request should be reduced to reflect non-compensable matters. Once the non-compensable hours are removed, Plaintiff contends that Defendants are entitled to no more than $126,761.50 based upon recovery under Rule 16 or 17 U.S.C. § 505; alternatively, $41,745.00 in fees pursuant to 28 U.S.C. § 1927; and $29,608.75 for fees for appellate services.

For the reasons set forth below, the Court finds that Defendants are entitled to an award of attorney's fees under the inherent authority of the Court and 28 U.S.C. § 1927 in the amount of $50,000.00, an expert witness fee of $1,200.00, and appellate fees in the amount of $30,000.00, and therefore **respectfully recommends** that the motion be **granted, in part,** accordingly.

---

[2]The motion mistakenly claims fees from May 19, 2002.  As the case was not filed until 2003 and the exhibits supporting the claim set forth work performed from May 19, 2005 onward, the Court corrects the typographical error.

***ANALYSIS***

**ENTITLEMENT**

Defendants set forth various grounds supporting their contention that an award of attorney's fees is appropriate.  Defendants first contend that they are entitled to fees for the entire litigation and post-trial work pursuant to Rule 16, Federal Rules of Civil Procedure and/or 17 U.S.C. § 505. Implicit in this argument is reference to the Court's inherent authority.  Alternatively, they contend that they are entitled to a lesser amount pursuant to 28 U.S.C. § 1927.  The Court of Appeals has already ruled that Defendants are entitled to attorney's fees with respect to the appeal.[3]  The Court addresses each contention, in turn.

   *Rule 16*

The relevant portion of Rule 16, Federal Rules of Civil Procedure, provides:

> (f) Sanctions. If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f).

Defendants argue that assessment of attorney fees is required if the District Court's dismissal was predicated on violation of Rule 16, citing *Chambers v. NASCO,* 501 U.S. 32 (1991) and *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).  Plaintiff contests this interpretation, contending that

---

[3]Although the mandate is silent on this point, the record of proceedings in the Eleventh Circuit shows that the fees were requested and awarded under F.R.A.P. 38, on the basis that the appeal itself was frivolous.

-5-

Rule 16 is limited to sanctions for failing to comply with pretrial matters and is not a general source of authority for sanctioning *all* other kinds of perceived misconduct. Plaintiff's argument is persuasive.

"The sanctions contained in Rule 16(f) were designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation." *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985). As the Commentary to the Rule notes, "Rule 16(f) expressly provides for imposing sanctions on disobedient or recalcitrant parties, their attorneys, or both in four types of situations." *See* Advisory Committee Notes, Commentary to the 1983 Amendment.[4] Here, although the illness should have been disclosed pretrial and thus, the misconduct could arguably fall within the scope of Rule 16, the conduct of Plaintiff and its attorneys *at trial* was also the basis of the dismissal. As such, it would not be accurate to say that the District Court's Order was predicated solely on Rule 16. Moreover, even if Rule 16 was the major motivating factor for the District Court's decision, the language of the Rule gives the Court broad discretion to fashion sanctions. Thus, the Court declines to find that attorney's fee sanctions under Rule 16(f) are mandated in all cases, especially as here, where the Court has imposed the ultimate sanction of dismissal, with prejudice.

On the other hand, Defendants contend that an award is appropriate in any event, as a result of Plaintiff's bad faith during this litigation. Defendants cite the *Chambers* case, which addresses the Court's inherent authority to provide for the award of attorney's fees, "even if procedural rules exist which sanction the same conduct." *Chambers,* 501 U.S. at 49. A court may assess attorney's fees in

---

[4]Note that, effective December 1, 2007, absent contrary Congressional action, the rule will be amended to read, in pertinent part, "**(f) Sanctions.** (1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate--or does not participate in good faith– *in the conference*; or (C) fails to obey a scheduling or other pretrial order. (emphasis added). *See* 2007 US ORDER 30 (C.O. 30) (not yet codified).

certain limited situations, including when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. 501 U.S. at 45-46. The findings of the District Court, now affirmed on appeal, show that this is just such a case and therefore, the Court has inherent authority to provide for an *appropriate* award of attorney's fees.

The Court finds, therefore, that an award of fees is not appropriate under Rule 16 but is available under the Court's inherent authority.

**17 U.S.C. § 505**

Defendants contend that they are entitled to an award of attorney's fees as the prevailing party under Rule 54 and the Copyright Act. The Court is not persuaded. As pointed out by Plaintiff, Section 505 provides that the Court may award a reasonable attorney's fee to the prevailing party, but generally, "prevailing party" under this provision "is identified as the party succeeding on a significant litigated issue that achieves some of the benefits sought by that party in initiating the suit." *Cable/Home Communication Corp. v. Network Productions, Inc.,* 902 F.2d 829, 853 (11th Cir. 1990) (internal citations omitted).[5]  Moreover, the Eleventh Circuit has cited numerous factors in considering whether to make an award of fees, noting the importance of factors that are "faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner." *Mitek Holdings, Inc. v. Arce Engineering Co., Inc.,* 198 F.3d 840, 842 (11th Cir. 1999), *citing Fogerty v. Fantasy, Inc*., 510 U.S. 517, 535 n.19 (1994). While the Defendants here clearly prevailed on the litigated issue of sanctions for bad faith conduct, the conduct was unrelated to the merits of the claim and, indeed, there was no determination as to the merits of Plaintiff's *copyright* claim or Defendants' defenses to same. Absent a nexus to the copyright claims, there is no

---

[5]Obviously, this definition appears to speak more to prevailing plaintiffs. The Supreme Court, in the latter opinion of *Fogerty v. Fantasy, Inc*, 510 U.S. 517 (1994), made it clear that prevailing plaintiffs and prevailing defendants are to be treated alike under this provision.

showing as to how such an award would promote the goals of the Act.  An award under this provision is not supportable.

### *§ 1927*

The statutory provision is directed to counsel, and reads:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C.A. § 1927.

As the District Court has already determined that counsel has acted in bad faith and the Court of Appeals has affirmed the dismissal on that basis, Plaintiff is hard pressed to re-argue that issue here.  Rather, counsel contends that § 1927 should not be applied because it is "limited to those circumstances in  which an attorney unreasonably and vexatiously multiplies the proceedings *throughout the course of a case."*  (emphasis in original), citing *FDIC v. Calhoun*, 34 F. 3d 1291, 1297 (5th Cir. 1994), and, as there is no proof that "the *entire course* of [the lawsuit] was unwarranted," the claim is "wholly without merit." (Doc. No. 222 at 13-14).  Counsel is mistaken.

The applicable quotation in *FDIC v. Calhoun* apparently relied on by counsel reads: "Punishment under this statute is sparingly applied, and 'except when the entire course of proceedings were unwarranted and should neither have been commenced nor persisted in, an award under 28 U.S.C. § 1927 may not shift the entire financial burden of an action's defense.'" *FDIC,* 34 F.3d at 1297 (internal citation omitted).  This provision states the obvious – in order to recover sanctions for the *entire* defense, counsel's misconduct must relate to the *entire* course of proceedings.  This does not support Plaintiff's contention that no sanction is available unless the misconduct permeated the

entire case; rather, it stands for the unremarkable proposition that the amount of the fee recovery is necessarily tied to the scope of the misconduct, a conclusion inherent in the statutory language. Here, of course, Defendants do not seek § 1927 sanctions for the entire case, but only for work performed from May 19, 2005 onward. The holding in *FDIC* does not speak to the facts here.

Plaintiff next contends that, if any such award be made, the Court should restrict its award to fees incurred by Defendants after May 24, 2005, the date Plaintiff first moved for a mistrial due to Mr. Zirkel's illness, and not the date claimed by Defendants - May 19, 2005. The Court finds this, too, to be unpersuasive. The District Court specifically found that "Mr. Zirkel and HDS's counsel acted willfully and in bad faith *both* by concealing Mr. Zirkel's illness from the Court and *later* attempting to use it for strategic advantage." (Doc. No. 189 at 19-- emphasis added). Thus, the improper conduct first occurred prior to trial, when counsel knew about the illness but chose to say nothing. The misconduct evidenced "an intent on the part of HDS counsel . . .to exploit [the] illness for strategic advantage" which they attempted to do after "bumbling their way through the opening day of trial." *Id.* Indeed, an argument could be made that, as counsel knew about the illness in *April*, the bad faith conduct began even earlier than the date claimed by Defendants.

The Court finds that Defendants have established entitlement to fees pursuant to 28 U.S.C. § 1927, from May 19, 2005, until December 29, 2005 (the date of filing the Notice of Appeal).

### *The Appeal*

The Eleventh Circuit granted Defendants/Appellees Rule 38 motion for attorney's fees and costs, and remanded the matter to the District Court to determine the amount (Doc. No. 226). Thus, entitlement is established, with respect to appellate fees.

Based on the foregoing, the Court concludes that Defendants are entitled to an award of reasonable attorney's fees for *certain* work at the trial court level, pursuant to the Court's inherent

authority and 28 U.S.C. § 1927.  Defendants are also entitled to an award of reasonable attorney's fees and costs for work performed at the appellate level.

### AMOUNT OF AWARD

All agree that determining the appropriate amount of an award of fees involves application of the familiar lodestar standard.  "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *American Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423 (11th Cir.1999). A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Board of Education*, 775 F.2d 1565, 1571 (11th Cir. 1985).

Factors to be considered when setting a fee include: 1) the time and labor required; 2) the novelty and difficulty of the issues; 3) the skill required to perform the legal services properly; 4) preclusion of other employment; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation and ability of the attorneys; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The going rate in the community is the most critical factor in setting the fee rate. *Martin v. University of South Alabama*, 911 F.2d 604, 610 (11th Cir. 1990).

*Scope of the Award*

Although the Court has concluded that it has inherent authority to sanction Plaintiff by awarding the entire cost of the defense,[6] it is not reasonable or appropriate to do so.  Initially, the Court is mindful that the District Court has already punished Plaintiff with the ultimate sanction of dismissing this case, with prejudice.  In fashioning such a sanction, the District Court noted that it considered, as it must, other lesser sanctions (which surely must have included monetary sanctions) but found them inadequate to address the gravity of the misconduct (Doc. No. 189 at 22).  While the Court could have dismissed the case *and* awarded attorney's fees, it did not do so, and this is of no small moment.

Nonetheless, the posture of the case at the time of the issuance of the Order does not lead to a conclusion that the absence of any fee award in that Order is *res judicata*.  The matter was before the Court on Plaintiff's renewed motion for continuance or mistrial and Defendants' motion to dismiss (Doc. No. 189 at 1).  A motion for attorney's fees was not pending or at issue at the time of the Order.[7]  As the issue of an award of attorney's fees was not directly before the District Court, and was thus not adjudicated by the Court, the failure to include same in the Order is not determinative here.

That said, the Court must consider the exercise of its discretion to impose sanctions, including attorney's fees, carefully.  "When bad faith conduct in the course of litigation could be adequately sanctioned under a statute or rule, however, the Court should ordinarily rely on the statute or rule, and not on its inherent power, which the Court should exercise with 'great caution.' " *United States v.*

---

[6]*See Qantum Communications Corp. v. Star Broadcasting, Inc.*,  491 F.Supp.2d 1123, 1134 (S.D. Fla. 2007) ("[I]t is within a court's discretion to vindicate itself and compensate a victimized party by invoking the court's inherent power to sanction and requiring the bad-faith actor to pay for all of the victim's attorney's fees." *citing Chambers, supra.*).

[7]As the District Court noted in its Order: "The Court's present inquiry is essentially twofold. First, the Court must determine whether HDS, through its attorneys and Mr. Zirkel, willfully, or in bad faith, engaged in abusive litigation practices. If so, the Court must then determine whether dismissal is an appropriate sanction for HDS's misconduct." (Doc. No. 189 at 18).

*Spitzer,* 2007 WL 2155577, *2 (M.D.Fla., 2007), *citing Chambers,* 501 U.S. at 49-51.  Here, the Court has determined that sanctions pursuant to § 1927 are appropriate.  Section 1927, however, imposes a sanction on *counsel.*  Such a sanction would not address the misconduct of Plaintiff.  Thus, the Court finds that it is appropriate to sanction counsel under Section 1927 and Plaintiff pursuant to the Court's inherent authority.  With respect to the scope of the award, as it appears that Plaintiff and its counsel were equally at fault here, it is appropriate to impose a sanction to be borne by the parties jointly and severally.[8]

*District Court Proceedings*

Defendants seek an award of $54,099.50, for 256.75 attorney hours at an hourly rate ranging from $185 (associate) to $200 (partner) per hour for attorney time, plus 58 hours of paralegal time at $75.00 per hour.  Defendants have tendered the affidavits of lead counsel and a local attorney, attesting to the reasonableness of the rates and the total fee charged.

There can be no question that the per hour fees charged are reasonable.  In fact, the Court finds the fees to be well under market for lawyers of this caliber in this community.  Not surprisingly, Plaintiff does not object to the hourly fees.  Rather, in addition to objecting to any award for work billed prior to May 24, 2005, which has already been addressed herein, Plaintiff objects to the amount of hours billed and asserts that fees should be deducted for work that is "unreasonable as a matter of law;" work that did not directly advance the case; work that did not properly require the work of two or more attorneys; non-attorney work performed by attorneys; and excessive or unreasonable entries "or [work] not proven to be attorneys' time."(Doc. No. 235 at 38).  Plaintiff contends that applying these reductions decreases the fees compensable to $41,745.00.

---

[8]The Court had directed Plaintiff and its counsel to consider their respective potential liabilities here and to advise the Court as to whether Plaintiff should retain separate representation with respect to the issue of fees (Doc. No. 223).  In their Response to the motion, Plaintiff and its counsel advised that no separate representation was required (Doc. No. 235 at 53-54).

-12-

Plaintiff contends that certain ministerial or secretarial tasks are not compensable simply if they are performed by an attorney or paralegal, and this Court agrees, in general, and has made deductions for same. The Court also deducts a certain amount of billable time for efforts that, while essential for client relations, do nothing to advance the litigation. The Court disagrees, however, with Plaintiff's implicit conclusion that every status report or telephone update to the client is non-compensable. It is the client's case after all, and a client cannot be expected to make decisions regarding the case, absent an understanding of the proceedings. Thus, the Court has allowed for a reasonable amount of client communication time. The Court also finds that the work of two or more attorneys was, in fact, appropriate here. Taking all of the Plaintiff's objections into consideration, and applying the *Johnson* factors, the Court **recommends** a sanction of **$50,000.00,** to be borne jointly and severally by Plaintiff and its counsel– Jon Parrish and Anthony Lawhon.

*Circuit Court Proceedings*

Defendants seek $32,177.25 in appellate fees and Plaintiff urges a reduction of $2,568.50, for an award of $29,608.75. Plaintiff proffers argument, but no evidence that these fees are unreasonable. Defendants offer the Affidavit of lead counsel as well as Attorney Hill, who both opine that in their experience, the amount of the hours claimed and rates charged for the appeal are reasonable. Based on the above analysis, the Court makes similar reductions with respect to these fees and finds a reasonable attorney's fee on appeal to be **$30,000.00.** While this is slightly more than the Court would have thought necessary to defend this appeal,[9] it is justified by a review of the time entries and the Affidavits of record.[10]

---

[9]Oral argument was had at Plaintiff's request.

[10]The Court is unimpressed by counsel's contention that "the court should withhold an award of appellate fees until the Eleventh Circuit Court of Appeals provides sufficient clarity as to who should be held responsible for the fee award." Plaintiff has not moved in that court for any such clarification, and none is needed.

*Expert Fee*

Defendants claim a fee of $1,200 to compensate expert witness Christopher Hill, for his review of records and preparation of his Affidavit as to the reasonableness of the claimed fees (Doc. No. 227 at 59). As Plaintiff does not address this claim, and the Court finds the amount to be reasonable and compensable in accordance with applicable law, it is **recommended** that it be awarded.

### CONCLUSION AND RECOMMENDATION

A final note is in order. It is not every day that a court dismisses a case with prejudice, and imposes a considerable monetary sanction on a litigant and its counsel. And yet, the misconduct at issue in this case is also extraordinary. It is therefore **respectfully recommended** that the District Court **grant** the motion, in part, and enter judgment in the amount of **$51,200.00 ($50,000 in attorney's fees plus $1,200 expert witness fee)** in favor of Defendants and against Plaintiff and its counsel, jointly and severally, and the amount of **$30,000** in favor of Defendants and against Plaintiff.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 13, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy